UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| NEXT INSURANCE US COMPANY,<br><br>PLAINTIFF,<br><br>v.<br><br>CHAD MYERS; UNCOMMON GEAR, LLC; and TACTICAL GEAR HEADS, LLC D/B/A 80-LOWER<br><br>DEFENDANTS. | CASE NO. 1:25-CV-1851 |

**COMPLAINT FOR DECLARATORY JUDGMENT**

The plaintiff, Next Insurance US Company ("Next"), by and through counsel, and for its complaint seeking declaratory judgment under 28 U.S.C. §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure, states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Next is, and was at all times mentioned herein, a corporation incorporated under the laws of the State of Delaware, with its principal place of business in Palo Alto, California, engaged in the business of insurance, and licensed to transact that business in the state of Indiana. Next is, therefore, a citizen of Delaware and California.

2. At the time of filing of this complaint, defendant Chad Myers is a citizen of the State of Indiana.

3. Defendant Uncommon Gear, LLC is a limited liability company organized under the laws of the State of Indiana, with its principal place of business located at 11216 Fall Creek Road, Suite 135, Indianapolis, IN 46256.

4. At the time of filing of this complaint, Uncommon Gear, LLC is a citizen of the State of Indiana.

5. Defendant Tactical Gear Heads, LLC d/b/a 80-Lower, is an Indiana limited liability company, organized under the laws of the State of Indiana, with a principal place of business located at 9339 Castlegate Drive, Indianapolis, IN, 46256.

6. At the time of filing of this complaint, Defendant Tactical Gear Heads, LLC d/b/a 80-Lower is a citizen of the State of Indiana.

7. This case and controversy involves citizens of different states.

8. The amount in controversy exceeds $75,000, exclusive of interests and costs.

9. This Court has diversity jurisdiction under 28 U.S.C. §1332 (a)(1).

10. Venue is proper in the United States District Court for the Southern District of Indiana under 28 U.S.C. § 1391(a) because the defendants, Uncommon Gear, LLC and Tactical Gear Heads d/b/a 80-Lower, are registered to do business in Indiana, the insured business, Uncommon Gear, LLC, is located in Indiana's Southern District, and the insurance policy issued to the defendants Chad Myers and Uncommon Gear, LLC, and upon which this action is based, was procured and delivered in the state of Indiana.

11. This Court "may declare the rights and other legal relations of any interested party seeking such declaration" pursuant to the Declaratory Judgment Act, 28 U.S.C. § 2201(a), with respect to the policy of insurance Next issued to the

defendants, and all parties referenced herein are interested parties with respect to the termination of rights pursuant to the insurance policy issued by Next.

### GENERAL ALLEGATIONS

12.     Next brings this action seeking the interpretation of the insurance policy described below and a declaration of its rights and obligations thereunder.

13.     Next issued a commercial general liability policy to Named Insureds, Chad Myers and Uncommon Gear, LLC, bearing the policy number NXTWPLCLCT-00-GL, with effective dates of 11/18/2022 to 11/18/2023 (the "Policy").  A true and correct copy of the Policy is attached as Exhibit A, and incorporated as if fully set forth herein.

14.     The Policy was delivered to Chad Myers and Uncommon Gear, LLC at 11374 Falling Water Way, Fishers, IN 46037.

15.     The Policy provides commercial general liability coverage for its Named Insureds, Chad Myers and Uncommon Gear, LLC, arising out of their business of providing professional consulting as set forth in Policy's "Limitation of Coverage to Designated Premises, Project or Operation" and "Miscellaneous Service Provider Professional Liability Coverage" endorsements.

16.     Kimbrady Carriker has been accused of shooting and killing five people using an AR-15 style "ghost gun" in Philadelphia, Pennsylvania on or about July 2 and July 3, 2023.

17.     Three separate lawsuits have been filed against Chad Myers, 80-Lower, Tactical Gear Heads, LLC, and Kimbrady Carriker in the Pennsylvania Court of Common Pleas, Philadelphia County.

18. All three lawsuits assert claims of negligence, misrepresentation, false or deceptive advertising, fraud, public nuisance, civil conspiracy, strict products liability, wrongful death, and survival related to the shooting deaths of Joseph Wamah, Lashyd Merritt, and Ralph Moralis, Jr. Specifically, the complaints allege that Chad Myers, in his capacity as the president and owner of 80-Lower and Tactical Gear Heads, LLC, negligently, fraudulently, or otherwise intentionally sold un-serialized firearm parts to Carriker without first obtaining an application or conducting a proper background check in violation of Pennsylvania law. The lawsuits further allege Carriker utilized those parts to build an AR-15 style "ghost gun" that he then used to shoot and kill the five victims between the dates of July 2 and July 3, 2023 (the "Lawsuits").

19. Chad Myers, and Tactical Gear Heads, LLC d/b/a 80-Lower, sought coverage under the Policy for defense and indemnity from and against the allegations asserted in the Lawsuits.

20. On July 28, 2025, Next disclaimed coverage for the allegations in the Lawsuits.

21. Chad Myers and Tactical Gear Heads, LLC d/b/a 80-Lower, continue to claim that coverage is due under the Policy.

22. An actual justiciable controversy exists between Next and the defendants, Chad Myers, Uncommon Gear, LLC, and Tactical Gear Heads, LLC d/b/a 80-Lower, as to whether a defense and/or indemnity is owed under the Policy for Chad Myers and Tactical Gear Heads, LLC d/b/a 80-Lower, in relation to the Lawsuits.

23. The resolution of the matters raised in this declaratory judgment action will dispose of the issues and disputes between Next and the defendants, Chad Myers, Uncommon Gear, LLC, and Tactical Gear Heads, LLC d/b/a 80-Lower.

24. All necessary and proper parties are before the Court for the matters in controversy.

25. Next has no adequate remedy at law.

## THE POLICY

26. The Policy contains the following relevant provisions:

### COMMON POLICY CONDITIONS

All coverage Parts included in this policy are subject to the following conditions:

. . .

**B. Changes**

> This policy contains all the agreements between [the insured] and [Next] concerning the insurance afforded. . . . This policy's terms can be amended or waived only by endorsement issued by [Next] and made a part of this policy.

* * *

### COMMERCIAL GENERAL LIABILITY COVERAGE FORM

. . .

**SECTION I – COVERAGES**

**COVERAGE A – BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

**1. Insuring Agreement**

    **a.** We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" . . . to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply.

    . . .

    **b.** This insurance applies to "bodily injury" . . . only if:

        **(1)** The "bodily injury" . . . is caused by an "occurrence" . . . .

**2. Exclusions**

This insurance does not apply to:

**a. Expected Or Intended Injury**

"Bodily injury" . . . expected or intended from the standpoint of the insured.

**b. Contractual Liability**

"Bodily Injury" . . . for which the insured is obligated to pay damages by reason of the assumption of liability in a contract or agreement. This exclusion does not apply to liability for damages:

. . .

    **(2)** Assumed in a contract or agreement that is an "insured contract", provided the "bodily injury" . . . occurs subsequent to the execution of the contract or agreement. Solely for the purposes of liability assumed in an "insured contract", reasonable attorneys' fees and necessary litigation expenses incurred by or for a party other than an insured are deemed to be damages because of "bodily injury" . . . provided:

        **(a)** Liability to such party for, or for the cost of, that party's defense has also been assumed in the same "insured contract" and

      **(b)** Such attorney's fees and litigation expenses are for defense of that party against a civil . . . proceeding in which damages to which this insurance applies are alleged.

. . .

**COVERAGE C – MEDICAL PAYMENTS**

. . .

**2. Exclusions**

    We will not pay expenses for "bodily injury":

    . . .

    **g. Coverage A Exclusions**

        Excluded under Coverage A.

    . . .

**SECTION II – WHO IS AN INSURED**

**1.** If you are designated in the Declarations as:

    **a.** An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

    . . .

    **b.** A limited liability company, you are an insured. Your members are also insureds, but only with respect to the conduct of your business. Your managers are insureds, but only with respect to their duties as your managers.

    . . .

**3.** Any organization you newly acquire or form, other than a partnership, joint venture or limited liability company, and over which you maintain ownership or majority interest, will qualify as a Named Insured if there is no other similar insurance available to that organization. However:

. . .

No person or organization is an insured with respect to the conduct of any current or past partnership, joint venture or limited liability company that is not shown as a Named Insured in the Declarations.

. . .

**SECTION V – DEFINITIONS**

. . .

**3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from an y of theses at any time.

. . .

**9.** "Insured Contract" means:

   . . .

   **f.** That part of any other contract or agreement pertaining to your business (including an indemnification of a municipality in connection with work performed for a municipality) under which you assume the tort liability of another party to pay for "bodily injury" . . . to a third person or organization. Tort liability means a liability that would be imposed by law in the absence of any contract or agreement.

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

. . .

**16.** "Products-completed operations hazard":

   **a.** Includes all "bodily injury" and "property damage" occurring away from premises you own or rent and arising out of "your product" or "your work" except:

      **(1)** Products that are still in your physical possession; or

  **(2)** Work that has not yet been completed or abandoned. However, "your work" will be deemed completed at the earliest of the following times:

   **(a)** When all of the work called for in your contract has been completed.

   **(b)** When all of the work to be done at the job site has been completed if your contract calls for work at more than one job site.

   **(c)** When that part of the work done at a job site has been put to its intended use by any person or organization other than another contractor or subcontractor working on the same project.

  Work that may need . . . correction . . . but which is otherwise complete, will be treated as completed.

**b.** Does not include "bodily injury" or "property damage" arising out of:

. . .

  **(3)** Products or operations for which the classification, listed in the Declarations or in a policy Schedule, states that products-completed operations are subject to the General Aggregate Limit

. . .

**18.** "Suit" means a civil proceeding in which damages because of "bodily injury" . . . to which this insurance applies are alleged

\* \* \*

### EXCLUSION – DESIGNATED PRODUCTS

This endorsement modifies insurance provided under the following:

  COMMERCIAL GENERAL LIABILITY PART
  PRODUCTS/COMPLETED OPERATIONS LIABILITY COVERAGE PART

  . . .

This insurance does not apply to "bodily injury" . . . included in the "products-completed operations hazard" and arising out of any of "your products" shown in the Schedule

**SCHEDULE OF DESIGNATED PRODUCTS**

Any products, tools, supplies or accessories manufactured, developed, or sold by you.

\* \* \*

**LIMITATION OF COVERAGE TO DESIGNATED PREMISES, PROJECT OR OPERATION**

This endorsement modifies insurance provided under the following:

COMMERCIAL GENERAL LIABILITY PART

. . .

A. If this endorsement is attached to Commercial General Liability Coverage Form **CG 00 01,** the provisions under this Paragraph **A.** apply:

1. Paragraph **1.b.** under **Section I – Coverage A – Bodily Injury And Property Damage Liability** is replaced by the following:

    b. This insurance applies to "bodily injury" . . . caused by an "occurrence" that takes place in the "coverage territory" only if:

    (1) The "bodily injury" . . . :

    (b) Arises out of the project or operation shown in the Schedule;

- 10 -

## SCHEDULE OF PROJECT OR OPERATION

Activities related to providing or operating as a(n) other_consulting including consulting, advising, or implementing solutions for clients, that:
1. Do not involve providing sales representative(s) as a service, including yourself as a sales representative for any client;
2. Do not involve aerospace consulting, advising, or solutions developed for such problems;
3. Do not involve construction, general contracting, or land acquisition;
4. Do not involve architectural, interior design, or engineering consulting, advising, or solutions developed for such problems;
5. Do not involve construction management, supervision, consulting, or advising, or solutions developed for such problems;
6. Do not involve law enforcement consulting, advising, or solutions developed for such problems;
7. Do not involve environmental consulting, advising, or solutions developed for such problems;
8. Do not involve medical, health, or substance abuse counseling, consulting, advising, or solutions developed for such problems;
9. Do not involve mining consulting, advising, or solutions developed for such problems;
10. Do not involve oil, gas, or petroleum consulting, advising, or solutions developed for such problems;
11. Do not involve giving investment consulting, advising, performance prediction or estimation, or solutions developed for investment related problems.

These activities exclude the work performed by the following professions:
1. Accountant (either a Certified Public Accountant (CPA) or unlicensed accountant);
2. Certified Financial Planner (CFP);
3. Personal Financial Specialist;
4. Financial Adviser;
5. Insurance Professional (an Agent, Adviser, Broker, Underwriter, Claims Adjuster, or other professional in the insurance industry);
6. Real Estate Professional (an Agent, Adviser, Broker, Manager, Appraiser, or other professional in the real estate industry)
7. Computer or electronic repair, installation, or servicing store or independent technician

\* \* \*

## EXCLUSION – ASSAULT AND BATTERY - INDIANA

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY PART

**A.** The following is added to **SECTION I - COVERAGES, COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY,** Paragraph **2. Exclusions**:

**Assault and Battery**
"Bodily injury" . . . arising from, or caused in whole or in part by, an "assault and battery."
This exclusion applies regardless of the degree of culpability or intent and without regard to:

**(1)** Whether the "assault and battery" is caused or committed, or threatened to be caused or committed, each of the foregoing whether actual, alleged, directly, or indirectly at the instruction or direction of, or is instigated by, the insured, or the insured's officers, "employees," "volunteer workers," agents, or servants;

. . .

**(3)** The act, error, or failure to act, each of the foregoing whether actual or alleged, of the insured, the insured's officers, "employees," "volunteer workers," agents, or servants, or any other person for whom or entity that any insured was or is legally responsible, to:

**(a)** Prevent, bar, suppress, or halt an "assault and battery" by any person;

**(b)** Provide an environment safe from an "assault and battery" by any person; or

**(c)** Warn of the dangers of the environment that could contribute to an "assault and battery" by any person.

. . .

**E.** The following is added to **SECTION V - DEFINITIONS**:

"Assault and battery" means one or more of the following:

**a.** Any assault, battery, intimidation, fight, altercation, misconduct, or similar incident or act of violence;
**b.** Harmful or offensive contact between or among two or more persons;
**c.** Apprehension of harmful or offensive contact between or among two or more persons;
**d.** Threats or abuse by words, acts, gestures, or deeds;
**e.** Acts including, but not limited to, one or more of sexual abuse, sexual harassment, sexual molestation, sexual assault, and sexual battery; and
**f.** Any act or omission in connection with the prevention or suppression of any conduct described in subparagraph(s) **a., b., c., d.,** or **e.** above.

\* \* \*

**EXCLUSION – NON-COMPENSATORY DAMAGES**

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY PART

**SECTION I - COVERAGES, COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY,** Paragraph **2. Exclusions** . . . [is] amended and the following added:

**PUNITIVE DAMAGES**

This insurance does not apply to any claim for or awards of non-compensatory damages, including, but not limited to:

1. Punitive, exemplary, or multiple damages;

* * *

**EXCLUSION – PROFESSIONAL SERVICES LIABILITY**

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY PART

**A.** The following is added to **SECTION I - COVERAGES, COVERAGE A - BODILY INJURY AND PROPERTY DAMAGE LIABILITY,** Paragraph **2. Exclusions** . . . :

   **(1)** Injuries, damages, claims, "suits", actions or proceedings arising out of any ''wrongful act" committed by the insured, or by any person for whom the insured is legally liable, and arising out of the rendering or failure to render "professional services" in the conduct of the insured's business; or

   **(2)** Any costs resulting directly from any ''wrongful act" committed by the insured, or by any person for whom the insured is legally liable, and arising out of the rendering or failure to render "professional services" in the conduct of the insured's business.

**B.** Solely with respect to this endorsement, the following are added to **SECTION V – DEFINITIONS**:

   "Professional services" means services including, but not limited to, consulting, offering advice or making recommendations while in the conduct of the insured's business.

"Wrongful act" means any alleged act, error or omission, committed solely in the performance of "professional services".

\* \* \*

**MISCELLANEOUS SERVICE PROVIDER PROFESSIONAL LIABILITY COVERAGE**

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY PART

**A.** The following is added to **SECTION I – COVERAGES**:

**MISCELLANEOUS SERVICE PROVIDER PROFESSIONAL LIABILITY COVERAGE**

**1. Insuring Agreement**

**a.** We will pay all sums that the insured becomes legally obligated to pay as "damages" as a result of an injury caused by a "professional incident" to which this insurance applies. We will have the right and the duty to defend the insured against any "suit" seeking those "damages". However, we will have no duty to defend the insured against any "suit" seeking "damages" to which this insurance does not apply. We may at our discretion, investigate any "professional incident" and settle any claim or "suit" that may result. But:

**(1)** The amount we will pay for "damages" is limited as described in Section **III** – Limits Of Insurance; and

**(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payment of judgments or settlements.

No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under **SUPPLEMENTARY PAYMENTS**.

**2. Exclusions**

This insurance does not apply to:

- 14 -

    a. Liability assumed by the insured under any contract or agreement; however, this exclusion does not apply to liability:

        1. For "damages" that are assumed by the insured in a written contract or agreement and arise out of "professional services" the insured provided subsequent to execution of the contract or agreement, provided that the contractually assumed liability results solely from the negligence of the insured; or

        2. For "damage" that the insured would have in the absence of the contract or agreement;

. . .

    g. Injury arising out of willful violation of a penal statute or ordinance committed by or with the knowledge or consent of any insured; [and]

    h. Any loss or claim arising out of the performance of any dishonest, fraudulent, or criminal acts;

. . .

    **D.** With respect to the coverage provided by this endorsement, the following definitions are added to **SECTION V - DEFINITIONS**:

        1. "Damages" means a monetary:

            a. Judgment;

            b. Award; or

            c. Settlement,

but does not include fines, sanctions, penalties, punitive or exemplary damages or the multiple portion of any damages. "Damages" also does not include claims or "suits" arising out of emotional distress or mental anguish alleged by anyone other than a client receiving "professional services" from you.

        2. "Professional incident" means:

    **a.** An actual or alleged negligent act, error or omission in the rendering of or failure to render "professional services" for others by an insured; and

    **b.** All related negligent acts, errors, or omissions arising out of the rendering or failing to render "professional services" to any one person or organization shall be deemed to be one "professional incident", and will also be deemed to have taken place at the time of the earliest "professional incident".

**3.** "Professional services" means only those services or activities described in the **SCHEDULE** . . .

**SCHEDULE OF PROFESSIONAL SERVICES CLASS DESCRIPTION**

Activities related to consulting, advising, or implementing solutions for clients, that:

1. Do not involve providing sales representative(s) as a service, including yourself as a sales representative for any client;
2. Do not involve aerospace consulting, advising, or solutions developed for such problems;
3. Do not involve construction, general contracting, or land acquisition;
4. Do not involve architectural, interior design, or engineering consulting, advising, or solutions developed for such problems;
5. Do not involve construction management, supervision, consulting, or advising, or solutions developed for such problems;
6. Do not involve law enforcement consulting, advising, or solutions developed for such problems;
7. Do not involve environmental consulting, advising, or solutions developed for such problems;
8. Do not involve medical, health, or substance abuse counseling, consulting, advising, or solutions developed for such problems;
9. Do not involve mining consulting, advising, or solutions developed for such problems;
10. Do not involve oil, gas, or petroleum consulting, advising, or solutions developed for such problems;
11. Do not involve giving investment consulting, advising, performance prediction or estimation, or solutions developed for investment related problems.

These activities exclude the work performed by the following professions:
1. Accountant (either a Certified Public Accountant (CPA) or unlicensed accountant);
2. Certified Financial Planner (CFP);
3. Personal Financial Specialist;
4. Financial Adviser;
5. Insurance Professional (an Agent, Adviser, Broker, Underwriter, Claims Adjuster, or other professional in the insurance industry);
6. Real Estate Professional (an Agent, Adviser, Broker, Manager, Appraiser, or other professional in the real estate industry);
7. Computer or electronic repair, installation, or servicing store or independent technician

\* \* \*

### EXCLUSIONS APPLICABLE TO SPORTS/LEISURE/ENTERTAINMENT ACTIVITIES AND DEVICES

This endorsement modifies insurance provided under the following:
COMMERCIAL GENERAL LIABILITY PART

**l. EXCLUSIONS**

Any exclusion for which an "X" appears is added to **SECTION I – COVERAGES, COVERAGE A – BODILY INJURY AND**

**PROPERTY DAMAGE LIABILITY,** paragraph **2. Exclusions** . . . :

. . .

> X___**Firearms, Fireworks and Other Pyrotechnic Devices**
> "Bodily injury", "property damage" or "personal and advertising injury" arising from the ownership, maintenance, operation, sponsorship, set-up or take-down or other use of:
> 1. Firearms, including handguns, revolvers, pistols, rifles, shotguns, air guns, semi-automatic weapons and similar devices;
> 2. Fireworks, including firecrackers, Roman Candles, pinwheels skyrockets, ground displays, flares, smoke bombs and similar devices that produce, when ignited or activated, sound, smoke, motion or a combination of these
>
> by any Insured or by any person for which any Insured may be held liable in any capacity.

\* \* \*

**GROUNDS FOR DECLARATORY JUDGMENT**

27. No coverage exists under the Policy for any of the claims and/or allegations asserted in the Lawsuits.

28. The Policy provides, in part, that Next "will have no duty to defend the insured against any 'suit' seeking damages for 'bodily injury' or 'property damage' to which this insurance does not apply."

29. "Section II – Who is an Insured" of the Policy provides that if the insured is a limited liability company, the members of that limited liability company are only insureds "with respect to the conduct of [the LLC's] business" as set forth in the Policy and that no organization is an insured "with respect to the conduct of any current or past . . . limited liability company that is not shown as a Named Insured in the Declarations." To the extent coverage is being sought for Tactical Gear Heads, LLC d/b/a 80-Lower, that entity is not an insured under the Policy.

30. The Policy only provides coverage to Chad Myers and Uncommon Gear, LLC in connection with their "consulting services" as set forth in the "Limitation of

Coverage to Designated Premises, Project, or Operation" and "Miscellaneous Service Provider Professional Liability Coverage" endorsements, which is not implicated by any of the allegations or claims in the Lawsuits.

31. Conversely, the Policy expressly excludes liability coverage for "bodily injury" "arising out of" "[a]ny products, tools, supplies or accessories manufactured, developed, or sold by [Chad Myers and/or Uncommon Gear LLC]" as set forth in the endorsement titled "EXCLUSION – DESIGNATED PRODUCTS."

32. The "Designated Products" exclusion bars coverage for all of the claims asserted against Chad Myers and Tactical Gear Heads, LLC d/b/a 80-Lower in the Lawsuits.

33. Coverage A, Section I, Paragraph 2.a., of the Policy excludes coverage for any "suit" asserting claims of "bodily injury" that is "expected or intended from the standpoint of the insured."

34. The "Expected or Intended Injury" exclusion bars coverage for the claims of fraudulent or intentional misrepresentation in the Lawsuits.

35. Coverage A, Section I, Paragraph 2.b., of the Policy bars claims for "bodily injury" the insured becomes obligated to pay "by reason of the assumption of liability in a contract or agreement" other than an "insured contract."

36. Any contract entered into by Chad Myers or Uncommon Gear, LLC that obligated one or both of them to pay damages for "bodily injury" arising out of an excluded occurrence or an occurrence or event that is not covered by the Policy is not an

"insured contract" under the Policy, and is thus barred by the "Contractual Liability" exclusion.

37. The Policy's "Assault and Battery" endorsement excludes liability for occurrences meeting the definition of "assault and battery".

38. The allegations and/or causes of action asserted in the Lawsuits arising either directly or indirectly out of the assault and battery allegedly committed by Carriker are barred by the exclusion for Assault and Battery under the Policy.

39. The Policy's "Exclusion Applicable to Sports/Leisure/Entertainment Activities and Devices" endorsement provides an additional exclusion for "bodily injury" arising out of the "other use of . . . Firearms, including . . . semi-automatic weapons and similar devices . . . by an insured or by any person for which any insured may be held liable in any capacity."

40. The "Exclusion Applicable to Sports/Leisure/Entertainment Activities and Devices" bars coverage for any of the claims asserted in the Lawsuits to the extent they arise out of the "other use of" a firearm.

WHEREFORE, The plaintiff, Next Insurance US Company prays this Court declare the rights and obligations under the Policy and enter judgment finding and declaring that the Policy provides no coverage for the allegations and/or causes of action asserted against Chad Myers and Tactical Gear Heads, LLC d/b/a 80-Lower in the Lawsuits, and that Next has no duty to defend or indemnify any of the defendants named therein.

Respectfully submitted,

*Chelsea R. Stanley*
Chelsea R. Stanley, Bar No. 32770-22
STITES & HARBISON PLLC
323 East Court Avenue
Jeffersonville, IN 47130
Telephone: (812) 282-7566
Email: cstanley@stites.com

*Counsel for Next Insurance US Company*